UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 0:19-cr-00149-WMW-KMM |
| Plaintiff, | |
| v. | ORDER |
| DONTAY LAVARICE REESE, | |
| Defendant. | |

This matter is before the Court on the parties' pretrial motions for discovery, disclosure, and other non-dispositive issues. The Court held a hearing on the motions on August 21, 2019 and heard from counsel for the government and Mr. Reese. Based on the motions, the written responses, and the oral argument, the Court enters the following Order.

1. **The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2 [ECF No. 19] is GRANTED.** Mr. Reese shall provide discovery and make the disclosures as required by the applicable Federal Rules of Criminal Procedure.

2. **Defendant's Pretrial Motion for Pretrial Disclosure of Rule 404 Evidence [ECF No. 20] is GRANTED.** The government shall provide the notice required by Federal Rule of Evidence 404(b) **no later than three weeks prior to trial**.

3. **Defendant's Pretrial Motion for Early Disclosure of Jencks Act Material [ECF No. 21] is DENIED.** Nothing in this Order prohibits the government from disclosing material covered by the Jencks Act in advance of trial to avoid unnecessary delays, and the Court notes that the government states that it has previously disclosed all witness statements and reports to Mr. Reese in the interest of resolving the case. Moreover, the government has agreed to provide any additional Jencks Act material no later than three days before trial, if Mr. Reese provides reciprocal disclosures at the same time.

4. **Defendant's Pretrial Motion for or Disclosure of Grand Jury Minutes and Transcript [ECF No. 22]** is **GRANTED IN PART** and **DENIED IN PART**. Mr. Reese has not demonstrated the "particularized need" required to support early disclosure of grand jury transcripts because he has made only a "bare allegation" that grand jury records are necessary. *United States v. Mattox*, No. 18-cr-263 (DWF/ECW), 2019 WL 337611, at *1 (D. Minn. Jan. 28, 2019) (citing *United States v. Warren*, 16 F.3d 247, 253 (8th Cir. 1994)). However, the government indicates that if the case agent is called to testify, it will produce a transcript of the case agent's testimony in accordance with the agreement regarding Jencks Act material.

5. **Defendant's Pretrial Motion for List of Government Witnesses [ECF No. 23]** is **DENIED** as premature. The timing of disclosures of witness lists is more appropriately handled in a pretrial order issued by the District Court.

6. **Defendant's Motion for Disclosure of Giglio Material [ECF No. 24], Motion for Brady Material [ECF No. 27],** and **Pretrial Motion for Disclosure of Impeaching Information [ECF No. 29]** are **GRANTED**. *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny impose a continuing obligation on the government to make certain information available to the defense prior to trial. The government does not object to Mr. Reese's motions.

7. **Defendant's Motion for Discovery of Rule 16(A)(1)(G) Evidence – Experts [ECF No. 25]** is **GRANTED**. Mr. Reese requests an Order requiring a written summary of all expert testimony the government intends to offer during its case in chief, a description of expert witness opinions, and a record of the witnesses' qualifications. In response, the government states that it has complied with its discovery obligations under Rule 16 and will continue to do so, but it has not yet determined whether and which expert witnesses it will call at trial. The government also notes that Mr. Reese has filed a Rule 12.2(a) notice of insanity defense, but a pre-hearing conference indicates that Mr. Reese has not yet been evaluated by a medical professional regarding the insanity defense in this case. The government asks the Court to issue a scheduling order specific to the insanity defense, and it requests that the results of a December 11, 2018 evaluation of Mr. Reese in another matter pending in this District (*United States v. Dontay Reese*, Case No. 18-cr-42) be made a part of the record in this case.

At the hearing, the government advised the Court that the December 11, 2018 evaluation from Case No. 18-cr-42 was prepared at the request of Mr. Reese's prior defense counsel, Robert Richman, but was not ultimately disclosed. Given concerns about the possible privileged or work-product protected status of the December 11th evaluation, the Court will not rule on the government's request without additional briefing on this issue.

In addition, the hearing also revealed that the Bureau of Prisons completed a competency evaluation in No. 18-cr-42 in June of 2018, and the Court required the government to disclose that evaluation to Mr. Reese's defense counsel in this matter. Accordingly, **IT IS HEREBY ORDERED THAT** the government shall provide a copy of the June 2018 Bureau of Prisons evaluation prepared in Case No. 18-cr-42. Further, the Court instructed the government to file a written motion to have Mr. Reese evaluated.

Mr. Reese shall provide expert disclosures, including any disclosure related to the insanity defense, **at least three weeks prior to trial**.

8. Defendant's Pretrial Motion for Discovery and Inspection [ECF No. 26] is **GRANTED**. The government asserts no objection to providing discovery to Mr. Reese as required by Fed. R. Crim. P. 16.

9. Defendant's Pretrial Motion for Government Agents to Retain Rough Notes [ECF No. 28] is **GRANTED**. Disclosure of rough notes is not required by this Order.

10. Defendant's Pretrial Motion for Participation by Counsel in Voir Dire [ECF No. 30] is **DENIED** as premature. The Court notes that the government does not object to the motion, but how voir dire is conducted should be left to the discretion of the trial judge.

Date: September 13, 2019  *s/Katherine Menendez*
Katherine Menendez
United States Magistrate Judge