UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 19-cr-0149 (WMW/KMM) |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT** |
| Dontay Lavarice Reese, | |
| Defendant. | |

This matter is before the Court on Defendant Dontay Lavarice Reese's motion to dismiss the indictment against him based on the alleged violation of his right to a speedy trial. (Dkt. 78.) Plaintiff United States of America opposes Reese's motion. For the reasons addressed below, Reese's motion to dismiss the indictment is denied.

## BACKGROUND

A grand jury returned an indictment in this case on May 21, 2019, charging Reese with one count of assaulting a federal law enforcement officer, in violation of 18 U.S.C. § 111(a), (b). At that time, Reese was in federal custody awaiting sentencing in a separate case for a conviction of kidnapping, to which Reese pleaded guilty in February 2019. *See United States v. Reese*, No. 18-cr-0042-PJS-HB, Dkt. 102 (D. Minn. Feb. 13, 2019). The district court in that case sentenced Reese to 301 months' imprisonment on July 2, 2019. *Id.* at Dkt. 220. However, Reese remains in pretrial custody at Sherburne County Jail in connection with this case.

Reese's initial appearance in this case occurred on June 26, 2019, at which time the 70-day period under the Speedy Trial Act began to run. *See* 18 U.S.C. § 3161(c)(1). It is undisputed that this 70-day period was tolled multiple times thereafter as a result of both Reese and the United States filing pretrial motions, including Reese's December 26, 2019 motion for a continuance. *See* 18 U.S.C. § 3161(h)(1)(D), (H) (providing that time is excluded under the Speedy Trial Act for "delay resulting from any pretrial motion" as well as a maximum of 30 days from the point a motion is actually taken under advisement). On January 3, 2020, the Court granted Reese's motion to exclude time under the Speedy Trial Act and issued an amended trial notice scheduling the jury trial in this case to begin on March 30, 2020. Reese and the United States agree that 45 days remained on the speedy trial clock in this case as of March 17, 2020.

On March 13, 2020, Chief Judge John R. Tunheim issued a General Order continuing all jury trials in the District of Minnesota through April 27, 2020, as a result of the ongoing COVID-19 pandemic. *See* General Order, *In re: Court Operations Under the Exigent Circumstances Created by COVID-19* (D. Minn. March 13, 2020). The March 13, 2020 General Order expressly excluded from Speedy Trial Act calculations the period of time "from March 13, 2020, to April 27, 2020." *Id.* On April 15, 2020, Chief Judge Tunheim issued General Order No. 9, which extended the exclusion of time under the Speedy Trial Act to May 17, 2020. *See* General Order No. 9, *In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19* (D. Minn. April 15, 2020). Consistent with and in reliance on the General Order and General Order No. 9, this Court issued orders on April 1, 2020, and April 17, 2020,

2

specifically excluding time from the Speedy Trial Act calculations in this case through May 17, 2020. Reese does not challenge any of the foregoing exclusions of time from Speedy Trial Act calculations. As such, it is undisputed that 45 days remained on the speedy trial clock in this case as of May 17, 2020.

Reese's pending motion to dismiss the indictment in this case challenges the validity of two additional orders excluding time under the Speedy Trial Act that occurred after May 17, 2020. In General Order No. 14, Chief Judge Tunheim continued until July 5, 2020, all criminal jury trials and trial-specific deadlines in the District of Minnesota. *See* General Order No. 14, *In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19* (D. Minn. May 15, 2020). Consistent with and in reliance on General Order No. 14, this Court issued an order on May 18, 2020, specifically excluding time from the Speedy Trial Act calculations in this case through July 5, 2020. In doing so, the Court found that the ends of justice served by continuing this case outweigh the interest of the public and Reese in a speedy trial, and that the failure to exclude time through July 5, 2020, would result in a miscarriage of justice under the unique circumstances the COVID-19 pandemic presents.

Subsequently, in General Order No. 17, Chief Judge Tunheim ordered that criminal jury trials may resume in the District of Minnesota after July 6, 2020. *See* General Order No. 17, *In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19* (D. Minn. June 26, 2020). But because only a limited number of jury trials may take place at the same time, General Order No. 17 provides that criminal jury trials may be continued until "the date that the criminal jury

trial commences" and directs the presiding judge to "enter orders in individual cases to extend deadlines and exclude time under the Speedy Trial Act" to address delays attributable to COVID-19. *Id.* Consistent with and in reliance on General Order No. 17, this Court issued an order on July 6, 2020, specifically excluding time from the Speedy Trial Act calculations in this case through August 30, 2020. In doing so, the Court found that the ends of justice served by continuing this case outweigh the interest of the public and Reese in a speedy trial, and that the failure to exclude time through August 30, 2020, would result in a miscarriage of justice under the unique circumstances the COVID-19 pandemic presents.

Reese challenges the Court's exclusions of time under the Speedy Trial Act after May 17, 2020. According to Reese, the speedy trial clock resumed on May 18, 2020, with 45 days remaining and thus expired on July 1, 2020. Implicit in Reese's motion is the contention that the Court's May 18, 2020 Order and July 6, 2020 Order are invalid. Although Reese does not offer any specific argument as to why these orders are invalid, he contends generally that "the COVID pandemic is not a sufficient ground to support the finding that the ends of justice served by ordering a continuance outweigh the best interests of the public and the Defendant's right to a speedy trial." As such, Reese seeks a dismissal of the indictment for the alleged violation of his rights under the Speedy Trial Act.[1] The United States opposes Reese's motion.

---

[1] Because Reese's motion alleges a violation of his rights under the Speedy Trial Act and not his constitutional right to a speedy trial, the Court limits its analysis to Reese's statutory right to a speedy trial.

**ANALYSIS**

The Speedy Trial Act requires that criminal defendants be brought to trial within a specified period of time, with certain specified exceptions that warrant a delay.  18 U.S.C. § 3161(c)(1), (h).  If a defendant is not brought to trial within the time limit required under the Speedy Trial Act, after taking into consideration any of the statutory exceptions that permit a delay, the "indictment shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2).  The defendant has the burden of proof to support such a motion to dismiss the indictment.  *Id.*

As relevant here, a district court may continue a trial, and exclude the period of the continuance from Speedy Trial Act calculations "on [its] own motion" based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  The Speedy Trial Act contains a *non-exclusive* list of factors that a district court may consider when conducting this ends-of-justice analysis.  *Id.* at § 3161(h)(7)(B).  Those factors include whether the failure to continue the proceeding would make the proceeding "impossible" or otherwise "result in a miscarriage of justice."  *Id.*  A continuance on this basis does not require the defendant's consent.  *United States v. Jones*, 795 F.3d 791, 798 (8th Cir. 2015).

Emergency conditions that result in widespread societal impact may warrant an ends-of-justice exclusion of time under the Speedy Trial Act.  *See, e.g.*, *United States v. Scott*, 245 F. App'x 391, 394 (5th Cir. 2007) (affirming ends-of-justice exclusion of time following Hurricane Katrina); *Furlow v. United States*, 644 F.2d 764, 768 (9th Cir. 1981)

5

(affirming ends-of-justice exclusion of time following volcanic eruption of Mount St. Helens); *United States v. Correa*, 182 F. Supp. 2d 326, 329 (S.D.N.Y. 2001) (excluding time under Speedy Trial Act in the interest of justice following September 11, 2001 terrorist attack).  The ongoing COVID-19 pandemic has resulted in multiple federal district courts excluding time under the Speedy Trial Act based on ends-of-justice findings.  *See, e.g.*, *United States v. Pond*, No. 18-50106-JLV, 2020 WL 3446677, at *2 (D.S.D. June 24, 2020) (concluding that trial continuances due to COVID-19 pandemic did not violate Speedy Trial Act); *United States v. Smith*, __ F. Supp. 3d ___, 2020 WL 2541713, at *6 (E.D. Cal. May 19, 2020) (excluding time under Speedy Trial Act in part because district court was "unable to safely hold a jury trial . . . for, at least, another four months" in light of COVID-19 pandemic).

Reese bears the burden to demonstrate that dismissal is warranted based on an alleged violation of the Speedy Trial Act.  Although he contends that time should not have been excluded under the Speedy Trial Act after May 17, 2020, he offers no evidence or specific argument in support of his motion.  His sole argument is that, generally, "the COVID pandemic is not a sufficient ground to support the finding that the ends of justice served by ordering a continuance outweigh the best interests of the public and the Defendant's right to a speedy trial."  The Court disagrees.

In General Order No. 14, the District of Minnesota continued all criminal jury trials until at least July 5, 2020.  That continuance was based on multiple considerations, including but not limited to: (1) the national emergency declared by the President of the United States of America; (2) the peacetime emergency declared by the Governor of the

6

State of Minnesota; (3) the pandemic-related restrictions implemented by local detention facilities that impact the ability of defendants to consult with legal counsel; (4) the health of jurors, witnesses, parties, attorneys, the public, court staff, and judges; (5) the constitutional rights of criminal defendants and other parties; and (6) the public's interest in the effective and expeditious administration of justice. Based on these considerations, the Court concluded in its May 18, 2020 Order, that the failure to exclude time through July 5, 2020, in this case would result in a miscarriage of justice. Reese has not satisfied his burden to demonstrate any factual or legal error in the Court's findings or conclusions.

In General Order No. 17, the District of Minnesota determined that criminal jury trials may resume after July 6, 2020, if "conducted with appropriate safeguards, including social distancing and personal protective equipment." In doing so, General Order No. 17 recognizes the ongoing states of emergency declared by the federal and state governments,[2] the restrictions implemented by local detention facilities that impact the ability of defendants to consult with legal counsel and appear in person at court proceedings, the health of all individuals who are necessary to conducting a jury trial, Reese's constitutional rights, and the public's interest in the effective administration of justice. Based on these considerations, General Order No. 17 recognizes that specific courtroom protocols must be developed and implemented "to ensure the health and safety of all participants" in courtroom proceedings, that "only a limited number of in-person criminal proceedings may be held each day," and that "only a very limited number of jury

---

[2] As of the date of this Order, Minnesota's peacetime emergency has been extended until September 11, 2020. *See* Minn. Exec. Order No. 20-83 (Aug. 12, 2020).

trials may take place at the same time." Based on these considerations, the Court concluded in its July 6, 2020 Order, that the Court is unable to commence the jury trial in this case on or before August 30, 2020, and that the failure to exclude time through August 30, 2020, in this case would result in a miscarriage of justice. Reese has not satisfied his burden to demonstrate any factual or legal error in these findings and conclusions.

In summary, Reese has not identified any factual or legal error in the Court's May 18, 2020 Order or July 6, 2020 Order, which excluded time under the Speedy Trial Act through August 30, 2020. Accordingly, Reese has not satisfied his burden to demonstrate that his rights under the Speedy Trial Act have been violated or that dismissal of the indictment is warranted.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Dontay Lavarice Reese's motion to dismiss the indictment, (Dkt. 78), is **DENIED**.

Dated:  August 28, 2020                                                       s/Wilhelmina M. Wright
                                                                                                        Wilhelmina M. Wright
                                                                                                        United States District Judge