UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| United States of America, | Case No. 19-cr-0149 (WMW/KMM) |
|---|---|
| Plaintiff, | **ORDER ON MOTIONS IN LIMINE** |
| v. | |
| Dontay Lavarice Reese, | |
| Defendant. | |

This matter is before the Court on Plaintiff United States of America's six motions in limine, (Dkts. 101–105, 117), and Defendant Dontay Lavarice Reese's six motions in limine, (Dkts. 96–100).[1] For the reasons addressed below, the motions are granted in part and denied in part.

A grand jury returned an indictment in this case on May 21, 2019, charging Reese with one count of assaulting a federal law enforcement officer, in violation of 18 U.S.C. § 111(a), (b). The indictment alleges that, on or about November 13, 2018, Reese knowingly and intentionally assaulted a correctional officer at the Sherburne County Jail while that officer was performing her official duties. At that time, Reese was in federal custody in connection with a separate case involving alleged kidnapping, an offense to which Reese pleaded guilty in February 2019. *See United States v. Reese*, No. 18-cr-0042-PJS-HB, Dkt. 102 (D. Minn. Feb. 13, 2019). The district court in that case sentenced Reese

---

[1] Reese raised a sixth motion in limine orally at the pretrial hearing, which the Court addresses herein.

on July 2, 2019, to a term of 301 months' imprisonment.[2] *Id.* at Dkt. 220. Reese remains in pretrial custody at Sherburne County Jail in connection with this case. The trial is scheduled to commence on June 2, 2021. Each pending motion in limine is addressed in turn.

## I. United States's Motions in Limine

The United States moves (1) to preclude Reese from calling defense expert witnesses; (2) to preclude Reese from relying on his prior statement, which are hearsay; (3) to preclude Reese from referring to the punishment he might face if convicted; (4) to preclude Reese from referring to his ongoing civil lawsuit; (5) to sequester all witnesses other than the United States's case agent; and (6) for the Court to determine as a matter of law that the charged offense is a general-intent crime and prohibit Reese from offering any testimony, argument, or theory inconsistent with that ruling.

### A. Defense Experts

The United States moves to preclude Reese from calling defense expert witnesses because Reese has not disclosed any expert witnesses and the deadline for doing so has passed. In response to the United States's motion, Reese contends that he does not *intend* to call any expert witnesses, but he seeks to reserve the right to do so.

A defendant must, at the government's request, provide the government a written summary of any expert testimony that the defendant intends to use as evidence at trial. Fed. R. Crim. P. 16(b)(1)(C). A district court is authorized to regulate discovery and may, at

---

[2] That term of imprisonment is a 25-year and one-month sentence.

any time, "for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). Either party "may ask the court to determine or modify the time, place, manner, or other aspects of disclosure to facilitate preparation for trial." Fed. R. Crim. P. 16.1(b). But if a party fails to comply with that party's discovery obligations, the court may "prohibit that party from introducing the undisclosed evidence." Fed. R. Crim. P. 16(d)(2)(C). Here, in a September 13, 2019 Order, the magistrate judge required Reese to provide any expert disclosures at least three weeks before trial. Reese has not done so, nor has he provided any legal or factual basis for the court to permit him to reserve the right to offer expert testimony at trial that has not been timely disclosed.

For these reasons, the United States's motion is granted, and Reese is precluded from calling an expert witness at trial.

### B. Defendant's Self-Serving Hearsay Statements

The United States moves for an order precluding Reese from offering into evidence self-serving hearsay. According to the United States, while Reese was in custody at Sherburne County Jail he sent a letter to his mother that includes both admissions and denials pertaining to the charged assault. In response, Reese asks that the Court limit any ruling on this issue to statements in Reese's letter to his mother.

A criminal defendant's prior out-of-court exculpatory statements are hearsay if they are merely consistent with the defendant's plea of not guilty. *See United States v. Waters*, 194 F.3d 926, 930–31 (8th Cir. 1999) (holding that the district court did not err in refusing to admit evidence of defendant's prior statements consistent with plea of not guilty); *United States v. Chard*, 115 F.3d 631, 634–35 (8th Cir. 1997) (holding that the district court did

3

not commit reversible error when it excluded as hearsay defendant's out-of-court exculpatory statements). Reese does not dispute that the self-serving hearsay in the letter he sent from jail to his mother is inadmissible. And the Court excludes such evidence. The United States has not identified any other self-serving hearsay that Reese might offer into evidence, and the Court declines to issue an advisory opinion as to any such hypothetical evidence.

Accordingly, the United States's motion is granted to the extent that it seeks to preclude Reese from offering into evidence self-serving hearsay in the letter he sent from jail to his mother.

### C. References to Punishment

The United States moves to preclude Reese from referring to any potential punishment that he might face if convicted. Reese does not oppose this motion.

Only relevant evidence is admissible. Fed. R. Evid. 402. Evidence is relevant if it has any tendency to make a fact of consequence more or less probable. Fed. R. Evid. 401. Because any punishment attributable to an offense has no bearing on whether the United States has proven the elements of that offense beyond a reasonable doubt, such punishment is not relevant evidence.

This motion, therefore, is granted.

### D. References to Defendant's Civil Lawsuit

The United States moves for an order precluding Reese from referring to an ongoing civil lawsuit that Reese commenced in July 2019 against Sherburne County Detention Center, MEND Medical Services, Inc., and several individuals employed by Sherburne

County and MEND. *See generally Reese v. Sherburne Cnty. Detention Ctr.*, No. 19-cv-1975, Dkt. 1 (ECT/KMM) (D. Minn. July 26, 2019). In his civil lawsuit, Reese advances allegations of medical negligence, medical malpractice and intentional infliction of emotional distress. In response to this motion, Reese concedes that his civil lawsuit "has no bearing on whether or not he committed the charged assault." But Reese contends that the pending civil lawsuit might be "relevant for other purposes."[3]

Because any reference to Reese's ongoing civil lawsuit has no apparent bearing on whether the United States has proven the elements of the charged assault offense beyond a reasonable doubt, such references are not admissible in evidence because they are not relevant. *See* Fed. R. Evid. 401, 402. Although Reese contends that this evidence might be "relevant for other purposes," he does not identify those "other purposes."

Accordingly, the United States's motion is granted. Reese is precluded from referencing his ongoing civil lawsuit. This ruling does not preclude Reese from seeking permission to introduce this evidence if, during the course of trial, he can establish that such evidence is relevant and otherwise admissible.

### E. Sequestration of Witnesses

The United States moves for an order requiring the sequestration of all witnesses other than the United States's case agent. Reese does not oppose this motion.

---

[3] At the pretrial hearing, defense counsel noted that Reese disagrees with defense counsel's argument as to this issue. Defense counsel represented that he was not withdrawing or altering his position, but merely noting that Reese does not agree with it.

"At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615. The purpose of this rule is to limit the possibility that a witness who is present in court will present testimony that is modified to comport with the testimony of other witnesses. *United States v. Ortiz*, 10 F. Supp. 2d 1058, 1060 (N.D. Iowa 1998) (citing *United States v. Klaphake*, 64 F.3d 435, 437 (8th Cir. 1995)). Employees designated as representatives of an entity party are exempt from the sequestration rule, however. Fed. R. Evid. 615(b). This exemption permits government case agents to sit at counsel table throughout a criminal trial. *United States v. Riddle*, 193 F.3d 995, 997 (8th Cir. 1999). Reese does not oppose the United States's sequestration motion, which is consistent with Federal Rule of Evidence 615.

Accordingly, the Court grants this motion and orders that all witnesses other than the United States's case agent shall be excluded from the courtroom. Such witnesses shall be excluded from the jury assembly room, where live video and audio of the trial will be accessible to the public consistent with the Court's COVID-19 protocols. Counsel for both parties shall advise prospective witnesses of this ruling to ensure compliance with the Court's sequestration Order.

### F. Intent

The United States moves for an order determining as a matter of law that the alleged crime of assault of a federal law enforcement officer, in violation of 18 U.S.C. § 111(a) and (b), is a general-intent crime. Reese opposes this motion, arguing that the United States Court of Appeals for the Eighth Circuit has issued inconsistent opinions as to this issue.

6

The Eighth Circuit recently held that a voluntary-intoxication defense is "'unavailable' to defendants being charged with violating 18 U.S.C. § 111(a)(1) because assaulting a federal employee is a general-intent crime." *United States v. Gustus*, 926 F.3d 1037, 1040 (8th Cir. 2019) (quoting *United States v. Hanson*, 618 F.2d 1261, 1265 (8th Cir. 1980)). The Eighth Circuit previously addressed the argument that some of its prior decisions "contain language to the effect that assaulting a federal employee is a specific-intent crime," concluding that it is "bound to follow *Hanson* as it is the earliest of the conflicting opinions and should have controlled the subsequent panels." *Id.* (internal quotation marks omitted). As such, the Eighth Circuit in *Gustus* expressly and unequivocally held that assaulting a federal officer is a general-intent crime. *Id.*

Subsequently, the Eighth Circuit affirmed another defendant's conviction of forcibly resisting a federal law enforcement officer, in violation of 18 U.S.C. § 111(a)(1). *See United States v. Everett*, 977 F.3d 679, 682 (8th Cir. 2020). In *Everett*, the defendant argued on appeal that the evidence was insufficient to convict him of forcibly resisting a federal law enforcement officer "because he was so under the influence of drugs or alcohol that he lacked the specific intent to . . . forcibly resist a federal officer." *Id.* at 685. The Eighth Circuit rejected that argument, concluding that the jury had been presented substantial evidence of the defendant's "specific intent . . . to voluntarily and intentionally resist federal officers." *Id.*

Significant to this Court's analysis, the dispute in *Everett* did not involve whether the defendant's offense of conviction was a general-intent or specific-intent crime. Indeed, that issue was not presented to the Eighth Circuit on appeal. The *Everett* court's conclusion

7

that the evidence at trial *established* the defendant's specific intent does not mean that evidence of specific intent was *required* to convict the defendant. For this reason, the holding in *Everett* is not inconsistent with the holding in *Gustus*, which expressly and unequivocally held that assaulting a federal officer is a general-intent crime.[4]

The United States's motion is granted. The crime alleged here, assault of a federal law enforcement officer, in violation of 18 U.S.C. § 111(a) and (b), is a general-intent crime as a matter of law. The parties shall present arguments consistent with this ruling.

## II. Defendant's Motions in Limine

Reese moves to preclude (1) testimony about his past psychological evaluations, (2) testimony about his past convictions, (3) references to gang affiliation, (4) references to Reese's disciplinary records, (5) speculative testimony, and (6) the United States from offering the testimony of Dr. G. Budd Renier.

### A. Psychological Evaluations

Reese moves for an order prohibiting the United States from eliciting testimony about Reese's past psychological evaluations and requiring the United States to direct its witnesses not to volunteer any such testimony. Any such testimony is inadmissible, Reese argues, because it is irrelevant and improper character evidence. *See* Fed. R. Evid. 401, 403, 404(a)(1), 404(b). The United States contends that it does not intend to offer any evidence pertaining to Reese's mental health during its case-in-chief. But the United States

---

[4] Even if the holdings in these cases were inconsistent, the holding in *Everett* cannot—implicitly or otherwise—abrogate the express holding in *Gustus*, because a panel of the Eighth Circuit cannot overrule the holding of a prior panel. *See United States v. Moore*, 572 F.3d 489, 491 (8th Cir. 2009) (per curiam).

maintains that it might seek to offer such evidence if Reese presents an affirmative defense or theory of the case that pertains to his mental health.

Because evidence pertaining to Reese's past psychological evaluations has no apparent bearing on whether the United States has proven the elements of the charged assault offense beyond a reasonable doubt, any reference to such evaluations is not admissible in evidence because the evaluations are not relevant. *See* Fed. R. Evid. 401, 402. Although such evidence may become relevant if Reese presents a defense theory that pertains to his mental health, the Court has insufficient information at this time to render a decision as to the hypothetical relevance of such evidence under those circumstances.

Accordingly, Reese's motion is granted, and the United States is precluded from introducing evidence of Reese's past psychological evaluations. This ruling does not preclude the United States from seeking permission to introduce such evidence if, during the course of trial, the United States can establish that such evidence is relevant and otherwise admissible in light of any theory of defense advanced by Reese.

### B. Past Convictions

Reese moves for an order prohibiting the United States from eliciting testimony about Reese's past criminal convictions or the reason he was in custody at the Sherburne County Jail at the time of the alleged offense and requiring the United States to direct its witnesses not to volunteer any such testimony. Such testimony, Reese argues, is inadmissible character evidence. *See* Fed. R. Evid. 404(b).

The fact that Reese was in custody at Sherburne County Jail at the time of the alleged offense is relevant to an element of the alleged offense—namely, that the alleged victim,

Sherburne County Jail Correctional Officer #1, was performing her federal duties at the time of the assault. *See* Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit § 6.18.111 (providing that assault of a federal officer includes, as an element of the offense, that "at the time of the assault, [the federal officer] was doing what he [or she] was employed by the federal government to do"). Moreover, relevant evidence "includes evidence providing the context in which the crime occurred, i.e. the *res gestae*." *United States v. Morrison*, 748 F.3d 811, 812 (8th Cir. 2014) (internal quotation marks omitted). Here, the fact that Reese was in custody at Sherburne County Jail is inextricably intertwined with the alleged offense, which occurred at Sherburne County Jail *and* involved a correctional officer. For this reason, testimony establishing that, at the time of the alleged offense, Reese was in custody at Sherburne County Jail because of federal charges unrelated to this case is relevant and admissible. Other details pertaining to Reese's federal kidnapping offense are not admissible, however.[5]

Evidence of Reese's prior convictions are not relevant to any element of the alleged assault offense. The United States contends that it should be permitted to offer evidence of Reese's prior convictions for the limited purpose of impeaching his credibility if he testifies, however. When a defendant in a criminal case testifies as a witness, certain evidence of the defendant's past convictions may be admitted for the purpose of

---

[5]  Other details about why Reese was in custody at Sherburne County Jail, including the nature of the federal kidnapping charge, the fact that Reese was convicted and sentenced for that offense, or the fact that he currently remains in custody, are not relevant to any element of the alleged assault or necessary to provide context to the jury. The United States does not dispute this conclusion and represents that it "will not reference any details about the substance of the kidnapping charge."

impeaching the defendant's character for truthfulness. Fed. R. Evid. 609(a). Because the Court does not know whether Reese will choose to testify, and because the details of Reese's prior convictions are not currently in the record, a ruling as to this issue is premature and will be addressed, if necessary, in the context of trial.

Reese's motion to prohibit the United States from eliciting testimony about his past criminal convictions or the reason he was in custody at the Sherburne County Jail at the time of the alleged offense, therefore, is granted in part and denied in part as addressed herein.

### C. Gang Affiliation

Reese moves for an order prohibiting the United States from making any reference to gang affiliation, because any such reference is irrelevant and would unfairly prejudice him. *See* Fed. R. Evid. 401–403, 404(a). The United States does not oppose this motion and represents that it will not offer any such evidence. Accordingly, the Court grants this motion.

### D. Disciplinary Records

Reese also moves for an order prohibiting the United States from making any reference to Reese's disciplinary records from Sherburne County Jail or any other correctional facility or mental health facility. According to Reese, such references would be improper character evidence and any probative value of such evidence would be substantially outweighed by the risk of unfair prejudice. *See* Fed. R. Evid. 403, 404(a)(1), 404(b). The United States also does not oppose this motion. The Court grants this motion as presented. This ruling does not preclude the United States from seeking permission to

introduce such evidence if, during the course of trial, the United States can establish that such evidence is admissible for the purpose of impeachment or responding to character evidence elicited by Reese.

## E. Speculative Testimony

Reese moves for an order prohibiting the United States from eliciting speculative testimony from its lay witnesses about whether Reese's conduct was voluntary or intentional. Reese also seeks to require the United States to direct its witnesses not to volunteer any such testimony. According to Reese, such evidence is inadmissible because these witnesses lack personal knowledge as to Reese's state of mind and such evidence would be improper lay witness opinion testimony. *See* Fed. R. Evid. 602, 701.

Lay witness testimony in the form of an opinion is limited to those opinions that are "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. "An opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a). It is true that "an *expert* witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense" because "[t]hose matters are for the trier of fact alone." Fed. R. Evid. 704(b) (emphasis added). But the opinion testimony of a *lay witness*, if it is otherwise admissible under Rule 701, "does not become inadmissible because it addresses an ultimate issue in the case." *Hogan v. Am. Tel. & Tel. Co.*, 812 F.2d 409, 411 (8th Cir. 1987).

Assault of a federal officer includes, as an element of the offense, that the defendant acted "voluntarily and intentionally." *See* Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit § 6.18.111. The United States contends that its lay witnesses can provide opinion testimony as to whether Reese acted voluntarily and intentionally. If the United States can establish that such testimony is rationally based on the witness's perception, helpful to clearly understanding the witness's testimony or determining a fact in issue, and not based on scientific, technical or other specialized knowledge, such testimony may be admissible. *See* Fed. R. Evid. 701. If such testimony is speculative, however, it is inadmissible. *See* Fed. R. Evid. 602, 701. Because the Court presently lacks sufficient information to make this determination, the Court will rule on the admissibility of any such evidence, if offered, in the context of trial.

Accordingly, this motion is denied without prejudice.

### F. Testimony of Dr. G. Budd Renier

At the pretrial hearing, Reese orally moved to preclude the United States from presenting the testimony of Dr. G. Budd Renier. Reese argues that the disclosure of Dr. Renier by the United States was untimely and that Dr. Renier's testimony would be unfairly prejudicial and needlessly cumulative. *See* Fed. R. Evid. 403. The United States contends that the Court should permit Dr. Renier to testify at trial as both an expert witness and a lay witness. According to the United States, its disclosure of Dr. Renier was timely and Dr. Renier's testimony will be relevant and will not be unfairly prejudicial or cumulative.

The parties dispute the timeliness of the United States's disclosure of Dr. Renier as a witness. On September 13, 2019, the magistrate judge ordered Reese to file expert disclosures "at least three weeks prior to trial." In a February 25, 2021 Trial Notice and Final Pretrial Order, the Court ordered the parties to exchange their witness lists "at least 35 days before trial." The trial is scheduled to begin on June 2, 2021. The magistrate judge's order required expert disclosures to be filed by May 12, 2021, but this Court's final pretrial order required the parties to exchange their witness lists by April 28, 2021. The United States provided its witness list to the Court and Reese before the April 28, 2021 deadline. But the United States provided an amended witness list on May 12, 2021, in which it added Dr. Renier as a witness.

The Court is mindful that its February 25, 2021 Trial Notice and Final Pretrial Order did not expressly displace the magistrate judge's September 13, 2019 Order permitting expert witness disclosure at least three weeks before trial. A district court has the discretion to interpret its scheduling orders in "any manner consistent with the ends of justice." *See United States v. John Bernard Indus., Inc.*, 589 F.2d 1353, 1358 (8th Cir. 1979). In light of the ambiguity between the relevant orders as to the expert-disclosure deadline, the Court will not exclude Dr. Renier's testimony based on the timeliness of the disclosure.

The parties also dispute the admissibility of Dr. Renier's testimony on substantive grounds—namely, whether his testimony is relevant and, if so, whether its probative value is outweighed by countervailing considerations. Evidence is relevant if it has any tendency to make a fact of consequence more or less probable. Fed. R. Evid. 401. But a district court "may exclude relevant evidence if its probative value is substantially outweighed by

14

a danger of . . . unfair prejudice . . . or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

It is the United States's burden to prove beyond a reasonable doubt each element of the alleged offense of assault of a federal law enforcement officer. The third element of the alleged offense requires proof that the alleged assault resulted in bodily injury. The United States contends that Dr. Renier will testify as to one of the injuries that the correctional officer sustained as a result of the alleged assault. Moreover, the United States asserts that Dr. Renier's testimony will be both factual in nature (his evaluation of the law enforcement officer's injury) and expert in nature (a general presentation of concussive symptoms). As such, Dr. Renier's testimony is relevant because it would address the officer's alleged bodily injury.[6] Fed. R. Evid. 401.

The parties also dispute whether the probative value of Dr. Renier's testimony is outweighed by the risk that such evidence will be needlessly cumulative or unfairly prejudicial to Reese. *See* Fed. R. Evid. 403. It is undisputed that other witnesses, including the alleged victim, are expected to testify regarding the facts pertaining to the alleged victim's injuries. As such, Reese contends that Dr. Renier's testimony will merely be "piling on." Reese also contends that testimony from Dr. Renier about the *degree* of the

---

[6] At the pretrial hearing, Reese conceded that Dr. Renier's purported expert testimony could become relevant if Reese opens the door to such evidence by challenging whether the law enforcement officer was injured. But defense counsel represented that he does not intend to pursue this line of argument. The United States contends that, even if Reese does not open the door to such testimony, Dr. Renier's testimony nonetheless is relevant because his testimony will help the United States meet the "high burden of proving each element beyond a reasonable doubt."

15

alleged victim's injuries is not probative, because the United States needs to prove only that bodily injury occurred, not that great, serious, or substantial bodily injury occurred. For this reason, Reese argues that such evidence will be unfairly prejudicial.

Without first observing the evidence that is to be presented at trial, the Court lacks sufficient information at this time to determine whether Dr. Renier's testimony is needlessly cumulative or unfairly prejudicial to Reese. Fed. R. Evid. 403. As such, the Court denies without prejudice Reese's motion to preclude the testimony of Dr. Renier. This ruling does not preclude Reese from objecting to such evidence during trial. The Court will rule on any such objection in the context of trial.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff's motion to preclude defense experts, (Dkt. 101), is **GRANTED**.

2. Plaintiff's motion to preclude hearsay statements by the Defendant, (Dkt. 102), is **GRANTED**.

3. Plaintiff's motion to preclude mention of punishment, (Dkt. 103), is **GRANTED**.

4. Plaintiff's motion to preclude mention of Defendant's civil lawsuit, (Dkt. 104), is **GRANTED**.

5. Plaintiff's motion to sequester witnesses, (Dkt. 105), is **GRANTED**.

6. Plaintiff's motion regarding intent, (Dkt. 117), is **GRANTED**.

7. Defendant's motion to prohibit testimony of past psychological evaluations, (Dkt. 96), is **GRANTED**.

8. Defendant's motion to prohibit testimony of past convictions, (Dkt. 97), is **GRANTED IN PART AND DENIED IN PART** as addressed herein.

9. Defendant's motion to prohibit reference to gang affiliation, (Dkt. 98), is **GRANTED**.

10. Defendant's motion to prohibit reference to disciplinary records, (Dkt. 99), is **GRANTED**.

11. Defendant's motion to prevent speculative testimony, (Dkt. 100), is **DENIED WITHOUT PREJUDICE**.

12. Defendant's motion to preclude the testimony of Dr. G. Budd Renier is **DENIED WITHOUT PREJUDICE**.

Dated: May 26, 2021                                s/Wilhelmina M. Wright
                                                   Wilhelmina M. Wright
                                                   United States District Judge