UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| United States of America, | Case No. 19-cr-0149 (WMW/KMM) |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Dontay Lavarice Reese, | |
| Defendant. | |

---

This matter is before the Court on Defendant Dontay Lavarice Reese's motion for substitution of counsel or, in the alternative, to proceed *pro se*. Plaintiff United States of America opposes the motion. For the reasons addressed below and in open court on June 3, 2021, the motion is denied.

## BACKGROUND

Prior to the May 12, 2021 pretrial conference in this case, this Court was advised that Reese intended to move to proceed *pro se* in this matter. Subsequently, the Court attempted to conduct *Faretta* hearings on three separate occasions.[1] The first attempted *Faretta* hearing, conducted on May 12, 2021, ended when Reese indicated to the Court that he was *not* moving for substitution of counsel or to proceed *pro se*. The second attempted *Faretta* hearing, which occurred on May 27, 2021, ended with an outburst from Reese that required Reese to be removed from the courtroom by the United States

---

[1] *See Faretta v. California*, 422 U.S. 806 (1975).

Marshals Service. The third attempted *Faretta* hearing, conducted on May 28, 2021, ended when Reese refused to respond verbally to the Court's questions.

On June 3, 2021, the second day of trial, Reese again requested to proceed *pro se*. Reese, who was in the courthouse, refused to enter the courtroom, instead requesting to appear via videoconference with the Court. The Court denied Reese's motion in open Court, for the reasons addressed below.

## ANALYSIS

### I. Substitution of Counsel

A criminal defendant has a right to counsel, but a criminal defendant does not have an absolute right to choose who his attorney will be. *United States v. Owen*, 854 F.3d 536, 542 (8th Cir. 2017). "[A] criminal defendant who is dissatisfied with appointed counsel must show justifiable dissatisfaction to warrant substitution of counsel, such as a conflict of interest, an irreconcilable conflict, or a complete breakdown in communication between the attorney and the defendant." *United States v. Jones*, 795 F.3d 791, 796 (8th Cir. 2015) (internal quotation marks omitted).

At the hearing, which was conducted via videoconference, Reese indicated that he disagreed with his counsel's tactical decisions.[2] But a defendant's disagreement with his or her counsel's tactical decisions does not constitute a justifiable dissatisfaction between

---

[2] Reese also indicated that he believed that his counsel could represent him better than Reese could represent himself and that his counsel's defense would ultimately prevail.

an attorney and a defendant. *United States v. Delacruz*, 865 F.3d 1000, 1008 (8th Cir. 2017). For this reason, Reese's motion for substitution of counsel is denied.

**II.     Proceeding *Pro Se***

Reese moves, in the alternative, to proceed *pro se*. The United States opposes the motion as untimely.

If a defendant makes a clear and unequivocal request to represent himself, a court may nonetheless deny the request in certain circumstances, such as when the request is untimely, the defendant engages in serious and obstructionist misconduct, or when the defendant is unable to produce a valid waiver of the right to counsel. *United States v. Edelmann*, 458 F.3d 791, 808 (8th Cir. 2006).

Here, Reese's motion occurred on the second day of trial. As such, Reese's motion is untimely. *See United States v. Wright*, 682 F.3d 1088, 1090 (8th Cir. 2012) (finding untimely a request to proceed *pro se* made on the first day of trial). Reese has repeatedly refused to speak in the courtroom or to enter the courtroom or courthouse, while continuing to request to represent himself despite his express satisfaction with appointed counsel's ability. This behavior demonstrates that Reese's requests are part of a pattern of unacceptable delay tactics. *See Edelmann*, 458 F.3d at 808–09. Therefore, Reese's motion to proceed *pro se* is denied.[3]

---

[3] Reese filed a *pro se* letter dated May 30, 2021, objecting to the Court's prior denial of his motion to proceed *pro se* and requesting a status conference. (Dkt. 133.) The Court provided Reese a status conference on June 3, 2021. Reese's written objection is overruled.

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that Defendant Dontay Lavarice Reese's motion to substitute counsel or to proceed *pro se* is **DENIED**.

Dated: June 4, 2021              s/Wilhelmina M. Wright
                                 Wilhelmina M. Wright
                                 United States District Judge